# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Leda Dunn Wettre |
| | : | |
| v. | : | Mag. No. 21-13000 (LDW) |
| | : | |
| LUIS FERNANDO DE SOUSA SILVA, | : | **CRIMINAL COMPLAINT** |
| a/k/a "Luis Sousa Silva," | : | |
| a/k/a "Luis Silva," | : | |
| a/k/a "Luis F. Amapal" | : | |

     I, David Chrzanowski, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

SEE ATTACHMENT A

     I further state that I am a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement, and that this complaint is based on the following facts:

SEE ATTACHMENT B

 

_____
David Chrzanowski
Deportation Officer
Immigration and Customs Enforcement
U.S. Department of Homeland Security

Deportation Officer David Chrzanowski attested to this Affidavit by telephone pursuant to FRCP 4.1(b)(2)(A) on this __25__ day of January 2021 in the District of New Jersey.

HONORABLE LEDA DUNN WETTRE     *Leda Dunn Wettre*
UNITED STATES MAGISTRATE JUDGE     Signature of Judicial Officer

CONTENTS APPROVED

UNITED STATES ATTORNEY

BY: /s/ Patrick C. Askin
    PATRICK C. ASKIN
    Assistant United States Attorney

Date: January 25, 2021

**ATTACHMENT A**

On a date on or after June 8, 2011, and on or before January 4, 2019, in Monmouth County, in the District of New Jersey, and elsewhere, the defendant,

LUIS FERNANDO DE SOUSA SILVA,
a/k/a "Luis Sousa Silva,"
a/k/a "Luis Silva,"
a/k/a "Luiz F. Amapal,"

being an alien, and thereafter having been deported and removed and having departed from the United States on or about June 8, 2011 while an order of deportation was outstanding, did knowingly and voluntarily enter, attempt to enter, and was found in the United States on or about January 4, 2019 without the Attorney General or the Secretary of Homeland Security expressly consenting to the defendant's re-applying for admission to the United States prior to his re-embarkation at a place outside the United States.

In violation of Title 8, United States Code, Sections 1326(a).

**ATTACHMENT B**

I, David Chrzanowski, am a Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. The defendant, LUIS FERNANDO DE SOUSA SILVA, a/k/a "Luis Sousa Silva," a/k/a "Luis Silva," a/k/a "Luiz F. Amapal," (the "Defendant"), is a citizen of Brazil, and he neither is a citizen nor a national of the United States.

2. On or about April 21, 2011, the Defendant was arrested by United States Border Patrol (USBP) at or near Santa Teresa, New Mexico. He was served with a Notice and Order of Expedited Removal (Form I-860) pursuant to Section 235(b)(1) of the Immigration and Nationality Act.

3. On or about April 29, 2011, the Defendant pled guilty in the United States District Court, District of New Mexico for Illegal Entry, in violation of Title 8 United States Code, Section 1325(a)(1). He was sentenced to 9 days or time served, whichever is less.

4. On or about June 8, 2011, the Defendant was removed from the United States to Brazil. Shortly before his removal from the United States, the Defendant was given notice that since he was found to be inadmissible, he was prohibited from entering the United States for a period of 5 years. Furthermore, the defendant was also warned that it is a crime for any alien who has been removed from the United States to enter, attempt to enter or be found in the United States without the Secretary of Homeland Security's express consent and that entering the United States without the Secretary's consent was a felony punishable by a period of imprisonment. This second prohibition has no term of expiration.  An official from ICE took a fingerprint from the Defendant.

5. At some point after his June 8, 2011 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

6. On or about January 4, 2019, the Defendant was arrested by the Long Branch Police Department in Long Branch, New Jersey for committing various assault related offenses, including but not limited to, Criminal Attempt-Purposely Engages in Conduct, Murder-Purposely, in violation of Section 2C:5-1(a)(1) and 2C:11-3(a)(1) of the New Jersey Code of Criminal Justice.

7. On or about May 3, 2019, the Defendant pled guilty in the Superior Court of New Jersey, Monmouth County, to Witness Tampering-To Cause False Testimony-Force/Threat, in the Second Degree, in violation of Section 2C:28-5A(1) of the New Jersey Code of Criminal Justice., and to Aggravated Assault-Attempt/Cause Bodily Injury with Deadly Weapon-Purposely/Knowingly, in the Third Degree, in violation of Section 2C:12-1B(2) of the New Jersey Code of Criminal Justice. On September 27, 2019, he was sentenced to imprisonment for a period of 3 years.

8. On or about December 23, 2020, the Defendant entered into the custody of ICE in New Jersey.

9. Fingerprints taken from the Defendant pursuant to his June 2011 deportation and the December 23, 2020 fingerprints that were taken after he entered ICE's custody, were compared and found to be an identical match. These fingerprints correspond with criminal records maintained by the FBI for Luiz F Amapal, under FBI # ending in: 0AD7.

10. Prior to the Defendant's reentry into the United States, neither the Attorney General nor the Secretary of Homeland Security consented to the Defendant re-entering the United States. The Defendant also did not receive a waiver allowing him to re-enter the United States.